UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 25-cv-00574

SOUTHERN-OWNERS INSURANCE COMPANY,

    Plaintiff,

v.

STEPHEN PATRICK SIMPSON, d/b/a STEPHEN P. SIMPSON ELECTRIC; and ALI THOMAS, as Personal Representative of the Estate of STEVEN SMITH,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, SOUTHERN-OWNERS INSURANCE COMPANY ("Southern-Owners"), sues Defendants, STEPHEN PATRICK SIMPSON, d/b/a STEPHEN P. SIMPSON ELECTRIC ("Simpson"), and ALI THOMAS, as Personal Representative of the Estate of STEVEN SMITH ("Thomas"), and alleges:

### Nature of Plaintiff's Claim

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, for the purpose of resolving a real and substantial controversy concerning the parties' legal rights, duties, and relationships with respect to a Tailored Protection Insurance Policy (the "Policy") issued by Southern-Owners to Simpson.

2. Simpson has made a claim under the Policy arising from a complaint filed by Thomas against Simpson in the Circuit Court of the Sixth Judicial Circuit of Florida, in

and for Pinellas County, for damages in connection with an incident in which Steven Smith ("Smith") fell from a construction site while working in the course of his employment by Simpson, styled *Ali Thomas, as Personal Representative of the Estate of Steven Smith, v. BAB Enterprises, LLC d/b/a Beach Builders, et al.*, case number 22-004626-CI (the "Underlying Action"). A true and correct copy of Thomas' Fourth Amended Wrongful Death Complaint is attached as **Exhibit A**.

3.     Southern-Owners seeks a declaration that the Policy does not provide coverage for Simpson's claim and the Underlying Action.

## Parties, Jurisdiction & Venue

4.     Southern-Owners is an insurance company incorporated under the laws of Michigan, with its principal place of business in Michigan. Southern-Owners is duly authorized to transact business in Florida.

5.     Simpson is an individual, and a citizen of, domiciled in, and residing in Hernando County, Florida.

6.     The decedent, Smith, at all times material, was a citizen of, domiciled in, and residing in Pinellas County, Florida.

7.     Thomas is an individual, and a citizen of, domiciled in, and residing in Marion County, Florida, and was appointed by the Circuit Court of the Sixth Judicial Circuit of Florida, in and for Pinellas County, as the personal representative of the Estate of Steven Gregory Smith.

8.     This Court possesses jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy is in excess of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendants.

9. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all defendants reside in this judicial district, Thomas is the personal representative of an estate created by a state probate court in this district, and a substantial part of the events giving rise to this claim occurred in this district.

## The Policy

10. Southern-Owners issued the Policy, bearing policy number 300-0619689-2021, to Simpson, with a policy period from September 24, 2021, to September 24, 2022. Simpson is the named insured designated in the declarations. A copy of the Policy is attached as **Exhibit B**.

11. The Policy provides, in pertinent part:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

   \* \* \*

2. **Exclusions**

   This insurance does not apply to:

3

\* \* \*

    **d.**    **Workers' Compensation And Similar Laws**

    Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

\* \* \*

## SECTION V – DEFINITIONS

\* \* \*

3.    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

5.    "Employee" includes a "leased worker." "Employee" does not include a temporary worker.

\* \* \*

13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

**EMPLOYER'S LIABILITY EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

4

A. **SECTION I – COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** is amended. Exclusion **e. Employer's Liability** is deleted and replaced with the following exclusion:

    **e.**   **Employer's Liability**

        "Bodily injury" to:

        **(1)**   An "employee" of any insured arising out of and in the course of employment by any insured; or

        **(2)**   The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **e.(1)**.

        This exclusion applies:

        **(1)**   Whether any insured may be liable as an employer or in any other capacity; and

        \*   \*   \*

B. **SECTION II – WHO IS AN INSURED** is amended. Paragraph **1.** is deleted and replaced by the following paragraph for purposes of this endorsement only.

    **1.**   **a.**   If you are designated in the Declarations as:

          **(1)**   An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

          \*   \*   \*

      **b.**   However, with respect to paragraphs **1.a.(1)** through **1.a.(5)**, no person is an insured for "bodily injury" or "personal and advertising injury"

5

         \*   \*   \*

**(2)**   To an "employee" of any insured while in the course of his or her employment or performing duties related to the conduct of any insured's business.

         \*   \*   \*

**(4)**   To the spouse, child, parent, brother or sister of any "employee" as a consequence of paragraph **1.b.(2)** or **(3)**.

         \*   \*   \*

All other policy terms and conditions apply.

### The Underlying Action

12. On October 9, 2021, while working in the course and scope of his employment by Simpson, and/or performing duties related to the conduct of Simpson's business, Smith fell from the fifth floor of the Town Center Condo B Development construction site, located at 300 150th Avenue, Madeira Beach, Pinellas County, Florida (the "Development"), resulting in his death.

13. On September 23, 2022, Thomas filed the Underlying Action against non-parties BAB Enterprises, LLC d/b/a Beach Builders, and Town Center Condo B Development, LLC. On October 27, 2022, Thomas filed an amended complaint in the Underlying Action, adding "Stephen P Simpson Electric, LLC"[1] as a defendant. Thomas' second amended complaint, filed November 17, 2022, named the same defendants.

---

[1] "Stephen P Simpson Electric LLC was a Florida limited liability company that was administratively dissolved in 2011.

6

14. On September 11, 2023, Thomas filed a third amended complaint, naming Simpson as a defendant.

15. On October 17, 2023, Thomas filed her Fourth Amended Wrongful Death Complaint, which remains the operative pleading in the Underlying Action. Ex. A.

16. In the Underlying Action, Thomas asserts one negligence claim against Simpson, alleging Simpson's negligence was a direct and proximate cause of Smith's death. *See* Ex. A at Count V.

17. Southern-Owners acknowledged receipt of the Underlying Action, disclosed pertinent policy provisions, and reserved its right to challenge or contest coverage for the claims asserted against Simpson in the Underlying Action.

18. Subject to a full and complete reservation of rights, Southern-Owners assumed the defense of Simpson in the Underlying Action, and continues to afford a defense to Simpson.

## **COUNT I – CLAIM FOR DECLARATORY RELIEF**

19. Paragraphs 1-18, above, are re-alleged as if fully set forth herein.

20. An actual controversy has arisen and now exists between Southern-Owners, Simpson, and Thomas.

21. Based on the above-referenced policy terms, provisions, definitions, and exclusions, Southern-Owners believes there is no coverage for the Underlying Action and/or Simpson's claim under the Policy arising out of Smith's death.

22. Specifically, Smith's death arose out of and occurred during the course and scope of his employment by Simpson, and/or while Smith was performing duties

related to the conduct of Simpson's business, and thus the Employer's Liability Exclusion precludes coverage.

23. Additionally, Smith is a statutory employee of Simpson under Florida Workers' Compensation Law, and therefore, the Employers' Liability Exclusion precludes coverage.

24. Pursuant to the Employers' Liability Exclusion, Simpson does not qualify as an insured with respect to bodily injury to "an 'employee' of any insured while in the course of his or her employment or performing duties related to the conduct of any insured's business." Accordingly, Simpson also does not qualify as an insured for the claims arising out of Smith's death.

25. Furthermore, Simpson has an obligation to Smith and/or Thomas with respect to Smith's death under Florida's workers' compensation law, and thus the Workers Compensation And Similar Laws exclusion precludes coverage.

26. Conversely, Simpson and/or Thomas believe the Policy provides coverage for the Underlying Action and/or Simpson's claim arising out of Smith's death.

27. In view of the foregoing, there is a bona fide, present, and actual need for this Court to adjudicate and declare Southern-Owners' legal rights, duties, and obligations under the Policy.

28. Southern-Owners demands a jury trial on all issues so triable.

WHEREFORE, Southern-Owners respectfully requests that this Court:

A. Exercise jurisdiction over this cause and determine the rights, duties, and obligations of the parties under the subject policy of insurance;

B.  Enter judgment declaring that Southern-Owners is entitled to deny coverage for the claim asserted against Simpson in the Underlying Action and/or Simpson's claim under the Policy, and that Southern-Owners has no duty to defend nor indemnify Simpson for any claims or damages arising from the Underlying Action; and,

C.  Award Southern-Owners costs and any further relief this Court deems just and equitable.

Respectfully submitted,

KUBICKI DRAPER, P.A.
*Counsel for Southern-Owners*
9100 S Dadeland Blvd., Suite 1800
Miami, Florida 33156
Direct Line: (305) 982-6634
E-Service: CB-KD@kubickidraper.com

By: /s/ *Benjamin Carter*
CARYN L. BELLUS, ESQ.
Florida Bar Number: 060445
BENJAMIN B. CARTER, ESQ.
Florida Bar Number: 90950