IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

ALI THOMAS, as Personal
Representative of the ESTATE OF
STEVEN SMITH

Plaintiff,  CASE NO.: 22-004626-CI

v.

BAB ENTERPRISES, LLC d/b/a BEACH
BUILDERS and TOWN CENTER CONDO
B DEVELOPMENT, LLC and
WILLIAMS KARNS and WILLIAM
KARNS ENTERPRISES, INC., and
STEPHEN P. SIMPSON d/b/a
STEPHEN P. SIMPSON ELECTRIC
_____/

## FOURTH AMENDED WRONGFUL DEATH COMPLAINT

Plaintiff, ALI THOMAS, as Personal Representative of the ESTATE OF STEVEN SMITH, deceased, by and through the undersigned attorneys, hereby sues Defendants, and alleges:

1. This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest and attorneys' fees. The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$50,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla.

1

Const.

2. This action of filed pursuant to the provisions of Florida's Wrongful Death Act, § 768.16, Fla. Stat.

3. Plaintiff, ALI THOMAS, is the duly appointed, qualified and acting Personal Representative of the ESTATE OF STEVEN SMITH, her natural father.

4. ALI THOMAS and SPENCER S. SMITH are the only beneficiaries to this action and are the decedent's children pursuant to the Wrongful Death Act. See § 768 Fla. Stat.

5. ALI THOMAS and SPENCER S. SMITH have sustained damages and losses including but not limited to:

   a. The loss of decedent's support and services for the remainder of their life;

   b. Loss of decedent's companionship and protection for the remainder of their life;

   c. Mental pain and suffering for the remainder of their life.

   d. Medical and funeral expenses.

6. At all times material hereto, Defendant, BAB ENTERPRISES, d/b/a BEACH BUILDERS, was a corporation authorized and conducting business in the State of Florida including Pinellas County, Florida.

7. At all times material hereto, Defendant, TOWN CENTER CONDO B DEVELOPMENT, LLC was a corporation authorized and conducting business in the State of Florida including Pinellas County, Florida.

8. At all times material hereto, Defendant, WILLIAM F. KARNS was conducting business in the State of Florida including Pinellas County, Florida.

9. At all times material hereto, Defendant, WILLIAM KARNS ENTERPRISES, INC., corporation authorized and conducting business in the State of Florida including Pinellas

2

County, Florida.

10. At all times material hereto, Defendant, STEPHEN P. SIMPSON d/b/a STEPHEN P SIMPSON ELECTRIC, LLC., was a corporation authorized and conducting business in the State of Florida including Pinellas County, Florida.

11. The Sixth Judicial Circuit Court has venue pursuant to Florida Statutes, Section 47.011 because the cause of action accrued in Pinellas County, Florida.

## FACTS

12. On October 9, 2021, STEVEN SMITH was lawfully working at Town Center Condo B Development, under construction at the time, located at 300 150th Avenue, Madeira Beach, Florida 33708, in Pinellas County.

13. This location was a five-story condominium building, under construction consisting of 4 stories, over 1 story of parking.

14. STEVEN SMITH was working on the 5th floor of the building without benefit of any safety equipment, which is an OSHA violation, or the required employee training regarding the procedures to be followed in order to minimize fall hazards.

15. As STEVEN SMITH was throwing trash over the temporary railing into a metal dumpster on the ground, the railing broke causing STEVEN SMITH to fall 5 stories to his death into the metal dumpster below.

## COUNT I – NEGLIGENCE - BAB ENTERPRISES, LLC d/b/a BEACH BUILDERS

16. Defendant, BAB ENTERPRISES, LLC d/b/a BEACH BUILDERS, owed STEVEN SMITH, a business invitee upon the premises, the duty to exercise reasonable care for the safety of Plaintiff.

17. Defendant, BAB ENTERPRISES, LLC d/b/a BEACH BUILDERS, breached

the duty owed to the Plaintiff, STEVEN SMITH, by committing one or more of the following omissions or commissions:

    a.    Negligently failed to maintain or adequately maintain the subject premises by allowing poorly constructed construction railings remain on the premises;

    b.    Negligently failed to inspect or adequately inspect the railing to ensure that it was properly secured;

    c.    Negligently failed to warn or adequately warn the Plaintiff, when the Defendant, BAB ENTERPRISES, LLC d/b/a BEACH BUILDERS, knew or should have known of

said danger and that the Plaintiff was unaware of said danger;

    d.    Negligently failed to correct, or adequately correct the dangerous condition when said dangerous condition was known to the Defendant or had existed for a sufficient length of time so that the Defendant should have known of it.

18.    Defendant, BAB ENTERPRISES, LLC d/b/a BEACH BUILDERS committed serious violations to OSHA standard number 29 CFR 1926.503(a)(1): "The employer did not provide a training program for each employee potentially exposed to fall hazards to enable each employee to recognizethe hazards of falling and the procedures to be followed in order to minimize these hazards".

19.    OSHA's citation goes further to say, "On or about 10/09/2021, and at time prior to, at the condominium under construction, employees worked at upper levels at the multi-story construction site and had not been trained to recognize fall hazards. Employees were not aware of fall hazards such as, but not limited to, the height at which fall protection was required and the required height of the guardrail system."

20. As a direct and proximate cause of the negligence of the Defendant, BAB ENTERPRISES, LLC d/b/a BEACH BUILDERS, as heretofore alleged, STEVEN SMITH, was killed when a faulty, poorly secured railing broke causing him to fall five stories to his death into a metal dumpster.

WHEREFORE, Plaintiff demands judgment against the Defendant, BAB ENTERPRISES, LLC d/b/a BEACH BUILDERS in an amount in excess of Fifty Thousand ($50,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

**COUNT II – NEGLIGENCE – TOWN CENTER CONDO B DEVELOPMENT, LLC**

21. Defendant, TOWN CENTER CONDO B DEVELOPMENT, LLC owed STEVEN SMITH, a business visitor upon the premises, the duty to exercise reasonable care for the safety of Plaintiff.

22. Defendant, TOWN CENTER CONDO B DEVELOPMENT, LLC, breached the duty owed to the Plaintiff, STEVEN SMITH, by committing one or more of the following omissions or commissions:

    a. Negligently failed to maintain or adequately maintain the subject premises by allowing poorly constructed construction railings remain on the premises;

    b. Negligently failed to inspect or adequately inspect the railing to ensure that it was properly secured;

    c. Negligently failed to warn or adequately warn the Plaintiff, when the Defendant, TOWN CENTER CONDO B DEVELOPMENT, LLC knew or should have known of said danger and that the Plaintiff was unaware of said danger;

    d. Negligently failed to correct, or adequately correct the dangerous

condition when said dangerous condition was known to the Defendant or had existed for a sufficient length of time so that the Defendant should have known of it.

23. Defendant, TOWN CENTER CONDO B DEVELOPMENT, LLC committed serious violations to OSHA standard number 29 CFR 1926.503(a)(1): "The employer did not provide a training program for each employee potentially exposed to fall hazards to enable each employee to recognize the hazards of falling and the procedures to be followed in order to minimize these hazards".

24. OSHA's citation goes further to say, "On or about 10/09/2021, and at time prior to, at the condominium under construction, employees worked at upper levels at the multi-story construction site and had not been trained to recognize fall hazards. Employees were not aware of fall hazards such as, but not limited to, the height at which fall protection was required and the required height of the guardrail system."

25. As a direct and proximate cause of the negligence of the Defendant, TOWN CENTER CONDO B DEVELOPMENT, LLC, as heretofore alleged, STEVEN SMITH, was killed when a faulty, poorly secured railing broke causing him to fall five stories to his death into a metal dumpster. WHEREFORE, Plaintiff demands judgment against the Defendant, TOWN CENTER CONDO B DEVELOPMENT, LLC, in an amount in excess of Fifty Thousand ($50,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

## COUNT III – NEGLIGENCE – WILLIAM F. KARNS

26. Defendant, WILLIAM F. KARNS, owed STEVEN SMITH, a business invitee upon the premises, the duty to exercise reasonable care for the safety of Plaintiff.

27. Defendant, WILLIAM F. KARNS, breached the duty owed to the Plaintiff, STEVEN SMITH, by committing one or more of the following omissions or commissions:

    a. Negligently failed to maintain or adequately maintain the subject premises

by allowing poorly constructed construction railings remain on the premises;

   b. Negligently failed to inspect or adequately inspect the railing to ensure that it was properly secured;

   c. Negligently failed to warn or adequately warn the Plaintiff, when the Defendant, WILLIAM F. KARNS, knew or should have known of said danger and that the Plaintiff was unaware of said danger;

   d. Negligently failed to correct, or adequately correct the dangerous condition when said dangerous condition was known to the Defendant or had existed for a sufficient length of time so that the Defendant should have known of it.

  28. Defendant, WILLIAM F. KARNS, committed serious violations to OSHA standard number 29 CFR 1926.503(a)(1): "The employer did not provide a training program for each employee potentially exposed to fall hazards to enable each employee to recognize the hazards of falling and the procedures to be followed in order to minimize these hazards".

  29. OSHA's citation goes further to say, "On or about 10/09/2021, and at time prior to, at the condominium under construction, employees worked at upper levels at the multi-story construction site and had not been trained to recognize fall hazards. Employees were not aware of fall hazards such as, but not limited to, the height at which fall protection was required and the required height of the guardrail system."

  30. As a direct and proximate cause of the negligence of the Defendant, WILLIAM F. KARNS, as heretofore alleged, STEVEN SMITH, was killed when a faulty, poorly secured railing broke causing him to fall five stories to his death into a metal dumpster.

  WHEREFORE, Plaintiff demands judgment against the Defendant, WILLIAM F. KARNS, in an amount in excess of Fifty Thousand ($50,000) Dollars, and requests a trial by

jury of all issues triable as of right by a jury.

### COUNT IV – NEGLIGENCE – WILLIAM KARNS ENTERPRISES, INC.

31. Defendant, WIILIAMKARNSENTERPRISES, INC. owed STEVEN SMITH, a business visitor upon the premises, the duty to exercise reasonable care for the safety of Plaintiff.

32. Defendant, WIILIAM KARNS ENTERPRISES, INC, breached the duty owed to the Plaintiff, STEVEN SMITH, by committing one or more of the following omissions or commissions:

   a. Negligently failed to maintain or adequately maintain the subject premises by allowing poorly constructed construction railings remain on the premises;

   b. Negligently failed to inspect or adequately inspect the railing to ensure that it was properly secured;

   c. Negligently failed to warn or adequately warn the Plaintiff, when the Defendant, WIILIAM KARNS ENTERPRISES, INC, knew or should have known of said danger and that the Plaintiff was unaware of said danger;

   d. Negligently failed to correct, or adequately correct the dangerous condition when said dangerous condition was known to the Defendant or had existed for a sufficient length of time so that the Defendant should have known of it.

33. Defendant, WIILIAM KARNS ENTERPRISES, INC. committed serious violations to OSHA standard number 29 CFR 1926.503(a)(1): "The employer did not provide a training program for each employee potentially exposed to fall hazards to enable each employee to recognize the hazards of falling and the procedures to be followed in order to minimize these hazards".

34. OSHA's citation goes further to say, "On or about 10/09/2021, and at time prior

to, at the condominium under construction, employees worked at upper levels at the multi-story construction site and had not been trained to recognize fall hazards. Employees were not aware of fall hazards such as, but not limited to, the height at which fall protection was required and the required height of the guardrail system."

35. As a direct and proximate cause of the negligence of the Defendant, WIILIAM KARNS ENTERPRISES, INC, as heretofore alleged, STEVEN SMITH, was killed when a faulty, poorly secured railing broke causing him to fall five stories to his death into a metal dumpster. WHEREFORE, Plaintiff demands judgment against the Defendant, WIILIAM KARNS ENTERPRISES, INC, in an amount in excess of Fifty Thousand ($50,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

### COUNT V – NEGLIGENCE – STEPHEN P. SIMPSON d/b/a STEPHEN P. SIMPSON ELECTRIC,

36. Defendant, STEPHEN P. SIMPSON d/b/a STEPHEN P SIMPSON ELECTRIC, owed STEVEN SMITH, a business visitor upon the premises, the duty to exercise reasonable care for the safety of Plaintiff.

37. Defendant, STEPHEN P. SIMPSON d/b/a STEPHEN P SIMPSON ELECTRIC, breached the duty owed to the Plaintiff, STEVEN SMITH, by committing one or more of the following omissions or commissions:

   a. Negligently failed to maintain or adequately maintain the subject premises by allowing poorly constructed construction railings remain on the premises;

   b. Negligently failed to inspect or adequately inspect the railing to ensure that it was properly secured;

   c. Negligently failed to warn or adequately warn the Plaintiff, when the

Defendant, STEPHEN P. SIMPSON d/b/a STEPHEN P SIMPSON ELECTRIC, knew or should have known of said danger and that the Plaintiff was unaware of said danger;

   d.   Negligently failed to correct, or adequately correct the dangerous condition when said dangerous condition was known to the Defendant or had existed for a sufficient length of time so that the Defendant should have known of it.

   38.   Defendant, STEPHEN P. SIMPSON d/b/a STEPHEN P SIMPSON ELECTRIC, committed serious violations to OSHA standard number 29 CFR 1926.503(a)(1): "The employer did not provide a training program for each employee potentially exposed to fall hazards to enable each employee to recognize the hazards of falling and the procedures to be followed in order to minimize these hazards".

   39.   OSHA's citation goes further to say, "On or about 10/09/2021, and at time prior to, at the condominium under construction, employees worked at upper levels at the multi-story construction site and had not been trained to recognize fall hazards. Employees were not aware of fall hazards such as, but not limited to, the height at which fall protection was required and the required height of the guardrail system."

   40.   As a direct and proximate cause of the negligence of the Defendant, As a direct and proximate cause of the negligence of the Defendant, STEPHEN P. SIMPSON d/b/a STEPHEN P SIMPSON ELECTRIC, as heretofore alleged, STEVEN SMITH, was killed when a faulty, poorly secured railing broke causing him to fall five stories to his death into a metal dumpster.

   WHEREFORE, Plaintiff demands judgment against the Defendant, STEPHEN P. SIMPSON d/b/a STEPHEN P SIMPSON ELECTRIC, in an amount in excess of Fifty Thousand ($50,000) Dollars, and requests a trial by jury of all issues triable as of right by a

jury.

Dated this 17th day of October, 2023.

                                                     s/ *Joseph A. Kopacz*
Joseph A. Kopacz, Esquire
Board Certified Civil Trial Lawyer
Florida Bar #: 46789
Morgan & Morgan Palm Harbor P.A.
35686 US Highway 19 N.
Palm Harbor, FL 34683
Tele:    (727) 275-6093
Fax:    (727) 275-6113
jkopacz@forthepeople.com
kdamico@forthepeople.com
garnett@forthepeople.com
jcromartie@forthepeople.com
Attorney for Plaintiff