## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SOUTHERN-OWNERS INSURANCE
COMPANY,

      Plaintiff,

v.                              Case No: 8:25-cv-00574-CEH-TGW

STEPHEN PATRICK SIMPSON,
d/b/a STEPHEN P. SIMPSON
ELECTRIC; and ALI THOMAS, as
Personal Representative of the Estate of
STEVEN SMITH

      Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion for Entry of Final Default Judgment against Defendants Stephen Patrick Simpson, d/b/a Stephen P. Simpson Electric ("Simpson") and Ali Thomas ("Thomas"), as personal representative of the estate of Steven Smith (Doc. 19). In the motion, Plaintiff requests entry of default declaratory judgment against these Defendants, pursuant to Fed. R. Civ. P. 55(b)(2). The Court, having considered the motion and being fully advised in the premises, will grant Plaintiff's Motion for Entry of Final Default Judgment and enter judgment in favor of Plaintiff and against Defendants Stephen P. Simpson and Ali Thomas.

## I.    BACKGROUND

### A. Factual Allegations

This action was initiated on March 11, 2025, by Plaintiff, Southern-Owners Insurance Company ("Plaintiff" or "Southern-Owners"), against Defendants Stephen Patrick Simpson, d/b/a Stephen P. Simpson Electric ("Simpson") and Ali Thomas ("Thomas"), as personal representative for the estate of Steven Smith for declaratory relief pursuant to 28 U.S.C. § 2201.

Southern-Owners is an insurance company incorporated under the laws of Michigan, with its principal place of business in Michigan. Doc. 1 ¶ 4. Simpson, an individual, is domiciled in Pinellas County, Florida. *Id.* 1 ¶ 5. The decedent, Stephen Smith ("Smith") was a citizen of, and domiciled in, Pinellas County, Florida. *Id.* 1 ¶ 6. Thomas, an individual, was appointed by the Circuit Court of the Sixth Judicial Circuit of Florida, in and for Pinellas County, to be the personal representative of the estate of Stephen Smith. *Id.* 1 ¶ 7.

On October 9, 2021, Smith fell from the fifth floor of the Town Center Condo B Development construction site, located at 300 150th Avenue, Madeira Beach, Pinellas County, Florida, resulting in his death. Doc. 1 at 6 ¶ 12. At the time of the fall, Smith was working for Simpson, and/or he was performing duties related to the conduct of Simpson's business. *Id.*

Southern-Owners had issued Policy 300-0619689-2021 to Simpson, with a policy period from September 24, 2021 to September 24, 2022. *Id.* 1 ¶ 10. *See also* Doc. 1-2 at 1, 11. The policy provides, in pertinent part:

> We will pay those sums that the insured becomes legally obligated
> to pay as damages because of "bodily injury" or "property damage"
> to which this insurance applies. We will have the right and duty to

2

> defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insurance against any "suit" seeking damages for "bodily injury" or "property damage to which this insurance does not apply.

Doc. 1-2 at 30 ¶ 1(a).

The policy further enunciates: This insurance does not apply to…any obligation of the insured under a workers' compensation, disability benefits, or unemployment compensation law or any similar law. *Id.* at 31 ¶ 2(d) (cleaned up). "Bodily injury" means bodily injury, sickness, or disease sustained by a person, including death resulting from any of these at any time. *Id.* at 40, Section V – Definitions ¶ 3. "Employee" includes a "leased worker."  "Employee" does not include a "temporary worker." *Id.* at 41 ¶ 5. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. *Id.* at 42 ¶ 13. This endorsement modifies insurance provided under the following:

> **A. SECTION I – COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** is amended. Exclusion **e. Employer's Liability** is deleted and replaced with the following exclusion.
>
>   e. Employer's Liability
>   "Bodily injury" to:
> (1) An "employee" of any insured arising out of and in the course of employment by any insured…
>
>   This exclusion applies:
> (1) Whether any insured may be liable as an employer or in any other capacity…

*Id.* at 28 ¶ A(e.)(cleaned up)

**B. SECTION II –WHO IS AN INSURED** is amended. Paragraph 1. is deleted and replaced by the following paragraph for purposes of this endorsement only.

1. a. If you are designated in the Declarations as:

(1) An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

\*\*\*

b. However, with respect to paragraphs 1.a.(1) through 1.a.(5), no person is an insured for "bodily injury" or "personal and advertising injury"… to an "employee" of any insured while in the course of his or her employment or performing duties related to the conduct of any insured's business, [or] … to the spouse, child, parent, brother, or sister of any "employee" or "volunteer worker" as a consequence of Paragraphs 1.b.(2) or (3).

*Id.* at 28 ¶ B (1)(a.)(1), (b)(2), (b)(4)(cleaned up).

### B. Procedural History

On September 23, 2022, Thomas filed the underlying action against nonparties BAB Enterprises, LLC (d/b/a Beach Builders) and Town Center Condo B Development, LLC. Doc. 1 at 6 ¶ 13. On September 11, 2023, Thomas filed a third amended complaint, whereby he named Simpson as a defendant. *Id.* at 7 ¶ 14. On October 17, 2023, Thomas filed her Fourth Amended Wrongful Death Complaint, which remains the operative pleading in the underlying action. *Id.* ¶ 15. In the underlying action, Thomas asserts one count of negligence against Simpson. *Id.* ¶ 16. Southern-Owners assumed the defense of Simpson, subject to reservation of its right to challenge coverage for the claims asserted against Simpson in the underlying action. *Id.* ¶¶ 17-18. Southern-Owners now brings this action against Thomas and Simpson and alleges that

based on the above-referenced policy terms, provisions, definitions, and exclusions, Southern-Owners owes no coverage for the underlying action, since Smith died during the course and scope of his employment by Simpson, and, therefore, the Employer's Liability Exclusion and the Workers' Compensation Exclusion preclude coverage. *Id.* ¶¶ 21-25.

### C. Service and Defaults

On April 28, 2025, Plaintiff filed a return of service for Thomas reflecting service of the Complaint for Declaratory Relief on Ali Thomas as personal representative for the estate of Steven Smith. Doc. 10. Plaintiff then filed a Motion for Clerk's Entry of Default against Thomas. Doc. 11. On April 30, 2025, the Clerk entered a default against Smith. Doc. 13. On May 27, 2025, Plaintiff filed a return of service for Stephen Patrick Simpson reflecting service of the Complaint for Declaratory Relief on Stephen Patrick Simpson. Doc. 14. Plaintiff then filed a Motion for Clerk's Entry of Default against Simpson. Doc. 15. On May 30, 2025, the Clerk entered a default against Simpson. Doc. 18. On June 24, 2025, Plaintiff filed the instant Motion for Default Judgment against both Thomas and Simpson. Doc. 19.

## II. LEGAL STANDARD

A default judgment may be entered when "a party against whom a judgment … is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014) (quoting Fed. R. Civ. P. 55 (a)). Typically, allegations in a well-pleaded complaint are

established as fact on entry of a default judgment, as long as there is a stated claim that allows for relief. *Surtain v. Hamlin Terrace Found.,* 789 F.3d 1239, 1245 (11th Cir. 2015). However, facts that are not well-pleaded or conclusions of law are not accepted as fact. *Id.* The Eleventh Circuit has likened this standard to the standard under a Rule 12(b)(6) motion to dismiss. *Id.* Under this standard, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 677-678 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions, and formulaic recitations of the elements of a cause of action are insufficient. *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Likewise, mere naked assertions are insufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citation omitted). The Court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

The Declaratory Judgment Act provides, "In a case of actual controversy…any court of the United States…may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). A party seeking a declaratory judgment must show: "(1) that they personally have suffered some actual or threatened injury as a result of the alleged conduct of the defendant; (2) that the injury fairly can be traced to the

6

challenged action; and (3) that it is likely to be redressed by a favorable decision." *GTE Directories Pub. Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1567 (11th Cir. 1997), quoting *U.S. Fire Ins. v. Caulkins Indiantown Citrus*, 931 F.2d 744, 747 (11th Cir. 1991).

## III. DISCUSSION

### A. Subject Matter Jurisdiction

In determining whether default judgment is proper, a court must first assess whether jurisdiction exists. *Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.*, 734 F.2d 639 (11th Cir. 1984). Plaintiff asserts that the Court has subject matter jurisdiction over this declaratory judgment action based upon diversity of citizenship and a minimum amount in controversy. Doc. 1 ¶ 8. The Court agrees.

The Declaratory Judgment Act does not, of itself, confer subject matter jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question. *Borden v. Katzman*, 881 F.2d 1035 (11th Cir. 1989) (citations omitted); *see also* 28 U.S.C. §§ 1331, 1332. Federal jurisdiction based upon diversity exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. *Id.* at 1332(a)(1). For diversity jurisdiction to exist, each defendant must be diverse from each plaintiff. *Univ. of S. Alabama v. Am. Tobacco Co.,* 168 F.3d 405, 412 (11th Cir. 1999). A corporation shall be deemed a citizen of every state in which it has been incorporated and in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Plaintiff alleges the parties are completely diverse. Doc. 1 ¶ 8. Southern-Owners is an insurance company that was both incorporated in and has its principal place of business in Michigan. *Id.* ¶ 4. Simpson is an individual and citizen of Florida. *Id.* ¶ 5. Thomas is an individual and citizen of Florida. *Id.* ¶ 7. Plaintiff further alleges that the minimum amount in controversy has been satisfied. Doc. 1 ¶ 8. Therefore, assuming these factual allegations are true, there is complete diversity of citizenship, and subject matter jurisdiction based on diversity of citizenship exists.

## B. Personal Jurisdiction

In determining whether default judgment is proper, a court must consider whether personal jurisdiction exists. *See Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.*, 734 F.2d 639 (11th Cir. 1984). The Complaint for Declaratory Relief alleges Simpson is a citizen of Hernando County, Florida, and Thomas is a citizen of Marion County, Florida; therefore, both Simpson and Thomas are subject to personal jurisdiction in Florida. Moreover, in assessing personal jurisdiction, the Court must also assess the validity of service of process. *See In re Worldwide Web Sys., Inc.,* 328 F.3d 1291, 1299 (11th Cir. 2003) (stating that "insufficient service of process . . . implicates personal jurisdiction and due process concerns"). The rules regarding service of process on an individual are set out in Federal Rule of Civil Procedure 4. Rule 4(e) provides that an individual may be served by giving a copy of the summons and complaint to the individual personally; leaving a copy of the summons and complaint with an age-appropriate person who lives at the individual's "dwelling or usual place of abode;" serving a copy on the person's agent "authorized by appointment or by

8

law" to receive process; or by a manner permitted under the laws of the state in which the federal district court is located for an action brought in a court of general jurisdiction in that state. Fed. R. Civ. P. 4(e). Regarding Defendant Thomas, the process server's affidavit demonstrates service was proper by leaving with Thomas a copy of the summons and Complaint for Declaratory Relief. Doc. 10. Regarding Defendant Simpson, the process server's affidavit indicates service was proper because a copy of the summons and Complaint for Declaratory Relief was delivered directly to Simpson[1]. Doc. 14. The Court concludes service was effective and it properly exercises personal jurisdiction as to both Thomas and Simpson.

## C. Plaintiff's Entitlement to Declaratory Judgments

The Court will next consider whether Plaintiff is entitled to a declaratory judgment regarding its duty to defend and indemnify Simpson. This question entails a two-part inquiry: first, whether a justiciable controversy exists under the Declaratory Judgment Act, and second, whether the allegations in the complaint, accepted as true, establish that Plaintiff is entitled to deny coverage for the claim asserted against Simpson, and, therefore, Plaintiff has no duty to defend or indemnify Simpson.

### 1. Justiciability of the Controversy

---

[1] Moreover, when an individual is doing business under an assumed name, proper service on the assumed name amounts to proper service on the individual. *Vax-D Med. Techs., LLC v. Texas Spine Med. Ctr.,* 485 F.3d 593, 596 (11th Cir. 2007).

The "threshold question" for a claim arising under the Declaratory Judgment Act is "whether a justiciable controversy exists." *Atlanta Gas Light Co. v. Aetna Cas. & Surety Co.*, 68 F.3d 409, 414 (11th Cir. 1995); *see Zurich Am. Ins. Co. v. Southern-Owners Ins. Co.*, 248 F. Supp. 3d 1268, 1280 (M.D. Fla. 2017) (emphasizing that the "actual controversy" requirement is "jurisdictional" and a "threshold question in an action for declaratory relief") (internal quotation marks omitted). To confer jurisdiction, "under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests." *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985). "Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Id.*

In the context of a declaratory judgment brought by an insurance company, courts have held that a justiciable controversy arises alongside the insurer's duty to defend—which, in turn, begins "when the complaint alleges facts that fairly and potentially bring the suit within policy coverage." *Jones v. Florida Ins. Guar. Ass'n, Inc.*, 908 So.2d 435, 442-43 (Fla. 2005); *see also Depositors Ins. Co. v. BGW Design Ltd., Inc.*, 17-23885-Civ-Williams/Torres, 2018 WL 1830806, *3 (S.D. Fla. Feb. 28, 2018) (justiciable controversy over plaintiff's duty to defend arose once complaint was filed in underlying action); *Investors Ins. Co. of Am. v. Rothal*, 11-62624-CIV-Middlebrooks/Vitunac, 2012 WL 13006229, *2-3 (S.D. Fla. March 20, 2012) (same).

In the instant case, Plaintiff has adequately established that a justiciable controversy exists as to its duty to defend Simpson against the lawsuit brought by

10

Thomas in the underlying action.  Specifically, the Complaint for Declaratory Relief attaches the pleading from the underlying action wherein Thomas brought a wrongful death lawsuit against Simpson. Doc. 1-1. Plaintiff's allegations that it defended Smith in the underlying wrongful death lawsuit are sufficient to show the existence of a real and present controversy. Doc. 1 ¶¶ 17-18.

The question of Plaintiff's duty to indemnify Simpson against the underlying lawsuit requires a different analysis to determine whether a ripe and present controversy exists.  It is well-settled that the duty to defend "is distinct from, and broader than, the duty to indemnify." *Sinni v. Scottsdale Ins. Co.*, 676 F.Supp.2d 1319, 1323 (M.D. Fla. 2009) (citations omitted).  Many courts in this District, including this Court, have held that the determination of whether a duty to indemnify exists is not ripe for review unless and until there has been a resolution of the underlying claim. *See*, *e.g.*, *First Mercury Ins. Co. v. First Fla. Building Corp.*, 8:20-cv-1929, 2022 WL 4017061, *9 (M.D. Fla. Sept. 2, 2022) (Honeywell, J.) (collecting cases).  However, it is also true that the duty to indemnify cannot exist if there is no duty to defend. *Mt. Hawley Ins. Co. v. Miami River Port Terminal, LLC*, 228 F.Supp.3d 1313, 1326 (S.D. Fla. 2017) (citations omitted); *Auto-Owners Ins. Co. v. EN.D. Servcs., Inc.*, 506 F. App'x 920, 927 (11th Cir. 2013) (citing *Wellcare of Fla., Inc. v. AM. Int'l Specialty Lines Ins. Co.*, 16 So.3d 904, 906 (Fla. 2d DCA 2009).  Accordingly, if the Court determines Plaintiff is entitled to a declaratory judgment that it has no duty to defend the underlying lawsuit, then the Court must also conclude there is no duty to indemnify the same.  The Court

will therefore reserve the question of the ripeness of a declaration regarding the duty to indemnify until the following section.

### 2. Adequacy of Pleadings

The Court finds that the allegations in the Complaint for Declaratory Relief, accepted as true, establish that Plaintiff has no duty to defend Simpson against the underlying wrongful death lawsuit.   Plaintiff seeks a declaration that the accident at issue in the underlying lawsuit is excluded from coverage because Smith was working for Simpson at the time of the fatal accident, and therefore, the Employers' Liability Exclusion and Workers Compensation And Similar Laws Exclusion bar coverage for Smith's accident. Doc. 1 ¶ 12, 22-25; Doc. 19 ¶ 18, 21; Doc. 20 at 8; at 2 ¶ 9; at 3 ¶¶ 14-17. Plaintiff contends that at the time of the accident, Smith was working for Simpson, and/or he was performing duties related to the conduct of Simpson's business. Doc. 1 ¶ 12, 22. Plaintiff further buttresses his claim by highlighting that the Employers' Liability Exclusion precludes coverage because under Florida Workers' Compensation Law, Smith is a statutory employee of Simpson. Doc. 1 ¶ 23.

A defaulted defendant is deemed to admit the Plaintiff's well-pleaded allegations of fact. *See*, *e.g.*, *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015).  Accordingly, this Court will accept as true that at the time of Smith's fatal fall, Smith was acting in the scope of his employment for Simpson, and/or Smith was performing duties related to the conduct of Simpson's business. Therefore, the Court also accepts as fact that Southern-Owners is entitled to deny coverage for Smith's accident, pursuant to the policy's explicit language that excludes coverage for

12

an employee's bodily injury that arose out of and in the course of employment. Doc. 1 at 4-5, ¶ 24; Doc. 1-2 at 28 ¶ A(e.); ¶ B (1)(a.)(1), (b)(2).

## IV. CONCLUSION

The Court finds that the allegations in the Complaint for Declaratory Relief establish there is no policy coverage for the accident.  A declaratory judgment is warranted that there is no duty to defend Simpson in the underlying wrongful death action.  In turn, a declaratory judgment that Plaintiff also has no duty to indemnify Simpson for the underlying lawsuit is also warranted. Plaintiff's Motion for Entry Final Default Judgment is granted.

Accordingly, it is hereby **ORDERED:**

1. Plaintiff Southern-Owners Insurance Company's Motion for Entry Final Default Judgment (Doc. 19) is **GRANTED.** A default declaratory judgment in favor of Plaintiff will be entered by separate Order, declaring that Southern-Owners is entitled to deny coverage for the claim asserted against Simpson in the underlying action, and Plaintiff has no duty to defend or indemnify Stephen P. Simpson in the underlying action brought by Ali Thomas.

**DONE** and **ORDERED** in Tampa, Florida on February 6, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties